***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    )
MICHELE SIMMSPARRIS,                )   Civil Action No.: 10-5492 (FLW)
                                    )
            Plaintiff,              )   OPINION
v.                                  )
                                    )
MARK NEARY, in his official capacity and )
individually; CHARLES CENTINARO, in )
his official capacity and individually; )
JANICE RICHTER, in her official capacity )
and individually; BRUCE BETHKA in his )
official capacity and individually; and )
JEANNE VERDEL, in her official capacity )
and individually,                   )
                                    )
            Defendants.             )
_____)

**WOLFSON, United States District Judge:**

  Plaintiff Michele SimmsParris' ("Plaintiff") brings this action against defendants, Mark Neary, Charles Centinaro, Janice Richter, Bruce Bethka and Jeanne Verdel (collectively, "Defendants"), for allegedly improperly suspending Plaintiff from the practice of law. Defendants move to dismiss the Amended Complaint based on, inter alia, the Younger abstention doctrine. Defendants claim that the Court should abstain from hearing this matter because there is an ongoing state disciplinary proceeding against Plaintiff. For the reasons that follow, the Court abstains from exercising jurisdiction and as such, Defendants' motion is granted.

1

## I. BACKGROUND

For the purposes of this motion, the Court will construe Plaintiff's Amended Complaint as true.[1] Plaintiff is an attorney licensed to practice in New Jersey. Defendants are employees of the Office of Attorney Ethics in the State of New Jersey ("OAE"). Id. On or about April 14, 2010, defendant Richter, OAE's Deputy Ethics Counsel, filed a Petition for Emergent Relief ("Petition") with the New Jersey Supreme Court, In The Matter of Michele M. SimmsParris, Esq., An Attorney-At-Law. The Petition requested the court to immediately temporarily suspend Plaintiff from the practice of law pursuant to New Jersey Court Rule 1:20-3(g)(4) and that all trust funds maintained by Plaintiff in New Jersey be restrained from disbursement pursuant to R. 1:21-6. See Petition dated April 14, 2010. On May 4, 2010, the Supreme Court issued an order granting Defendants' requested relief. Am. Compl., ¶ 4.

On June 18, 2010, defendant Centinaro, Director of the OAE, filed a Disciplinary Action Complaint for Misconduct ("Disciplinary Complaint") pursuant to R. 1:20-4(b) with the Supreme Court, Office of Attorney Ethics v. Michele M. SimmsParris, Docket Nos. XIV-2009-0252E and XIV-2010-0153E. The Disciplinary Complaint asserted various claims against Plaintiff alleging that Plaintiff, inter alia, misappropriated clients' funds. See Disciplinary Compl. dated June 18, 2010. Plaintiff did not respond to the Disciplinary Complaint and thus, defaulted on the Complaint. Subsequently, the Disciplinary Review Board vacated Plaintiff's default and remanded the matter to the OAE. See Am. Compl., ¶ 35. On or about September 7, 2010, Plaintiff filed a Notice of Motion for Emergent Relief with the New Jersey Supreme Court

---

[1] To the extent the Court cites to documents other than the Amended Complaint, those documents are public documents of which the Court may take judicial notice, they form the basis of Plaintiff's claims and were referred to in her Amended Complaint. See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007)(citations omitted).

seeking an order revoking the May 4, 2010 temporary suspension placed upon her. Am. Compl., ¶ 111. On October 19, 2010, the Supreme Court denied Plaintiff's motion. See Order dated October 19, 2010.

On October 20, 2010, Plaintiff filed a Verified Complaint in this Court. On November 19, 2010, Plaintiff amended her Complaint. Plaintiff seeks injunctive relief and monetary damages against Defendants for violations of her constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments. In addition, Plaintiff asserts claims of common law conversion, invasion of privacy and negligence. Now, Defendants move to dismiss those claims. While Defendants raise various arguments to support their dismissal motion, the dispositive issue here is whether the Younger abstention doctrine applies and thus, the Court turns to that question.

## II.   DISCUSSION

### A.   Standard of Review

In certain circumstances, such as those in this case, abstention doctrines, including Younger, should be considered before a determination is made on the merits. See U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383 (3d Cir. 2002). It is the "duty of federal courts to examine their subject matter jurisdiction at all stages of the litigation sua sponte if the parties fail to raise the issue." Id. at 389. "Younger abstention represents the sort of threshold question that may be resolved before addressing jurisdiction." Patetta v. Wells Fargo Bank, NA, No. 09-2848, 2010 U.S. Dist. LEXIS 47233, at *17 n.9 (D.N.J. May 12, 2010)(quoting Tenet v. Doe, 544 U.S. 1, 6 n.4, 125 S. Ct. 1230, 161 L. Ed. 2d 82 (2005)).

In Younger v. Harris, the Supreme Court held that principles of equity and comity require that unless there are extraordinary circumstances justifying intrusion, district courts should not enjoin pending state criminal prosecutions. 401 U.S. 37, 44 (1971) The Younger court explained

that the notion of comity includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. at 44.

The doctrine has since been expanded to apply to other state proceedings where important state interests are implicated. See, e.g., Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975)(extending the Younger abstention doctrine to civil enforcement proceedings); Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619 (1986)(applying the Younger abstention doctrine to pending state administrative proceedings). However, the situations in which Younger should be applied are clearly defined and the application of the doctrine remains "'the exception, not the rule.'" New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989)(quoting Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 236 (1984)).

In Middlesex County Ethics Comm. v. Garden State Barr Ass'n, the United State Supreme Court noted that the "Supreme Court of New Jersey has recognized that the local District Ethics Committees act as the arm of the court in performing the function of receiving and investigating complaints and holding hearings." 457 U.S. 432, 433 (1982)(citations omitted). Moreover, "the New Jersey Supreme Court has made clear that filing a complaint with the local Ethics and Grievance Committee is in effect a filing with the Supreme Court." Id. (quoting Toft v. Ketchum, 18 N.J. 280, 284 (1955)). Furthermore, "[i]t is clear beyond doubt that the New Jersey Supreme Court considers its bar disciplinary proceedings as judicial in nature." Id. at 433-34. "As such, the proceedings are of a character to warrant federal-court deference." Id. at 434.

Under Younger, a federal court should abstain when: (1) an ongoing state proceeding that is judicial in nature exists; (2) important state interests are implicated; and (3) a plaintiff has an

4

adequate opportunity to raise constitutional challenges in the state proceedings. Id. at 432. However, even if these three conditions are met, "abstention is not appropriate where the federal claimant makes a showing of bad faith, harassment, or some other extraordinary circumstance, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." Local 194, Int'l Fed'n of Prof'l v. N.J. Tpk. Auth., No. 11-1653, 2011 U.S. Dist. LEXIS 43135, at *8-9 (D.N.J. Apr. 21, 2011)(quoting Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)(quotations omitted)).

Here, a state disciplinary proceeding is clearly ongoing. Defendants initiated disciplinary proceedings before the New Jersey Supreme Court and the Court issued an order temporarily suspending Plaintiff's law license. Am. Compl., ¶ 4. Thereafter, Defendants filed the Disciplinary Complaint against Plaintiff. In fact, when Plaintiff failed to answer Defendants' Disciplinary Complaint, she petitioned the Disciplinary Review Board to vacate the default judgment. See Am. Compl., ¶ 35. In addition, Plaintiff filed a motion with the New Jersey Supreme Court seeking to revoke the temporary suspension placed upon her. Am. Compl., ¶ 111. Because that motion was denied by the Court, Plaintiff is still temporarily suspended from the practice of law; clearly, Plaintiff is the subject of an ongoing state disciplinary proceeding. See Gipson v. New Jersey, Supreme Court, 558 F.2d 701, 704 (1977)(stating that under New Jersey law a temporary suspension proceeding constitutes an ongoing state proceeding, even if it has already been adjudicated).

Despite the abundance of evidence to the contrary, Plaintiff insists that she is not the subject of an ongoing disciplinary proceeding because Defendants' Petition and Disciplinary Complaint were allegedly improperly filed, docketed and served. Plaintiff does not dispute the

5

existence of the disciplinary proceeding against her, but merely its validity.  However, Plaintiff has not challenged the validity of the Petition and Disciplinary Complaint in state court. Id.  It is well-established that "[a]bstention is based upon the theory that the accused should first set up and rely upon his defense in the state courts… unless it plainly appears that this course would not afford adequate protection." Middlesex, 457 U.S. at 435 (quoting Younger, 401 U.S. at 45)(quotations and citations omitted). In that regard, Plaintiff will be able to raise those defenses, i.e., that the Petition and Disciplinary Complaint are procedurally deficient, in the state proceeding, and Plaintiff has the option of appealing an unfavorable decision.  Only after Plaintiff asserts her defenses in the state proceeding and exhausts her state appellate remedies would it be appropriate to petition this Court for relief. New Orleans Pub. Serv., 491 U.S. at 359.  As it is clear that there is an ongoing state disciplinary proceeding, which is judicial in nature, the first requirement for abstention is met. Middlesex, 457 U.S. at 433-34 (citations omitted).

With respect to the second Younger factor,   it is necessary to determine if important state interests are implicated. 401 U.S. at 37. Such a determination here requires a limited inquiry as the state interests in this case are virtually identical to those in Middlesex. 457 U.S. at 434.  In Middlesex, the second Younger requirement was met because the Supreme Court found that New Jersey "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses" and because the defendant was an agency of the New Jersey Supreme Court. Id. Here, New Jersey has the same interest in regards to supervising its attorneys, and although the agency itself is not being sued, Defendants were acting in their official capacity as employees of an agency of the New Jersey Supreme Court. See R. 1:20-2. As such, the second element of Younger is clearly satisfied.

With respect to the third factor of <u>Younger</u>, Defendants argue that Plaintiff will have an adequate opportunity to raise constitutional challenges in the state proceedings, as well as have an opportunity for discovery and, if necessary, appeal. This Court agrees. Plaintiff neither alleges nor points to any authority that would indicate that the state agency or the Supreme Court would refuse to consider any of her challenges. Accordingly, the Court has no basis to find that the state agency or the Court would not be an adequate forum to address Plaintiff's arguments. <u>See New Orleans Pub. Serv.</u>, 491 U.S. at 359.

Furthermore, despite the presence of all the necessary criteria for <u>Younger</u> abstention, the Court cannot abstain if the state proceedings against Plaintiff were initiated in bad faith, for purposes of harassment or if some extraordinary circumstances are present. <u>Local 194</u>, 2011 U.S. Dist. LEXIS 43135, at *8-9. Plaintiff argues that this case is similar to <u>Dombrowski v. Pfister</u>, where the Supreme Court held that abstention was inappropriate because appellees initiated proceedings in bad faith. 380 U.S. 479, 489 (1965). In that case, appellants were arrested, their offices raided and their files and records seized. <u>Id.</u> at 487-88. A state judge subsequently quashed the arrest warrants and granted a motion to suppress the evidence seized during the raid. <u>Id.</u> at 488. Despite the findings of the court, state officials threatened to bring additional charges against the appellants. <u>Id.</u> Appellants' complaint filed with the district court alleged "far more than an injury other than that incidental to every… proceeding brought lawfully and in good faith" and also alleged "threats to enforce statutory provisions <u>other</u> than those under which indictments [had] already been brought." <u>Id.</u> at 489 (emphasis added). As there was "no immediate prospect of a final state adjudication" as to the other charges, the Supreme Court held that the district court erred in abstaining. <u>Id.</u>

7

Here, to the extent that Plaintiff alleges that Defendants' actions were initiated in bad faith, her allegations depend entirely on the alleged absence of a valid ongoing state proceeding. However, those allegations clearly do not rise to the level of bad faith as required in <u>Dombrowski</u>. <u>Id.</u> In addition, Plaintiff does not allege that Defendants have threatened to bring additional charges. As such, the Court finds no applicable exception to the <u>Younger</u> doctrine. In light of the foregoing, the Court abstains from exercising jurisdiction and dismisses the Amended Complaint against Defendants pursuant to <u>Younger</u>.

DATED:   June 20, 2011

<u>/s/      Freda L. Wolfson</u>
Freda L. Wolfson, U.S.D.J.